1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

         Plaintiff,

   v.

BRADFORD et al.,

         Defendants.

No.  2:11-cv-1171 LKK DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and to dismiss the complaint pursuant to Federal Rules of Civil Procedure 11 and 18.  Plaintiff has opposed the motion.

**BACKGROUND**

Plaintiff is proceeding on his first amended complaint.  When the court screened plaintiff's amended complaint, the court found that the complaint appeared to state cognizable claims for retaliation under the First Amendment against defendants Bradford, Hamad, Pena, Aguyo, Boatright, Mooghaddan, Hernandez, Brown, Cruz, Crawford, Low, Brewer, and Guffee. The court further found that plaintiff's amended complaint appeared to state cognizable claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against defendants Aguyo, Boatright, and Mooghaddan.  (See Doc. No. 13)

1

**ANALYSIS**

I.  Motion to Revoke Plaintiff's IFP Status

Defendants move to revoke plaintiff's IFP status pursuant to the three-strikes rule of 28 U.S.C. § 1915, arguing that courts have dismissed three or more of plaintiff's actions or appeals as frivolous, malicious, or for failure to state a claim.  (Defs' Mot. at 7-10 & Req. for Judicial Notice Exs. A-G.)  The court disagrees and will address each of the six lawsuits and appeals which defense counsel characterizes as "strikes":

(1) Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D. Cal. May 3, 2002), dismissed for failure to state a cognizable claim for relief.  (Defs.' RJN Exs. A & B.)  The court finds that this case constitutes a strike for purposes of § 1915(g).

(2)  Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D. Cal. July 29, 1998), dismissed on Younger abstention and ripeness grounds.  (Defs.' RJN Exs. B & C.)  The court finds that this case does not constitute a strike for purposes of § 1915(g).  See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) ("[W]e conclude that Congress intended for the three-strikes rule to count 12(b)(6) dismissals but not 12(b)(1) dismissals.").  The abstention and ripeness doctrines go to the court's subject matter jurisdiction and not whether a claim is cognizable for purposes of Rule 12(b)(6).

(3) Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000), dismissed because the order plaintiff challenged was neither final nor appealable.  (Defs.' RJN Exs. B & D.)  The court finds that this case does not constitute a strike for purposes of § 1915(g).  See Silva v. Di Vittorio, 658 F.3d 1090, 1099 (9th Cir. 2011) (dismissal of an appeal "must be final before it counts as a 'strike' for § 1915(g) purposes.").  Plaintiff's premature appeal in this case was not final.

(4) Morris v. Lushia, No. C 00-56600 (9th Cir. Sept. 27, 2002), dismissed because plaintiff did not pay the filing fee (i.e., for "failure to prosecute").  (Defs.' RJN Exs. B & E.)  The court finds that this case does not constitute a strike for purposes of § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Under these circumstances, failure to prosecute an appeal is not a qualifying ground under § 1915(g).

1    (5) Morris v. Woodford, No. C 06-15869 (9th Cir. May 5, 2006), the Ninth Circuit

2    submitted plaintiff's appeal to the screening panel and it summarily affirmed the

3    judgment. (Defs.' RJN Ex. F.)  Although another Magistrate Judge in this court has found

4    summary affirmance on appeal constitutes a strike, see Case No. 2:09-cv-2486 GEB CKD

5    P, the undersigned is not persuaded based on defendants' motion and exhibits that

6    summary affirmance in this particular prior action brought by plaintiff is the equivalent of

7    the Ninth Circuit dismissing the appeal on the grounds that the appeal was frivolous,

8    malicious, or failed to state a claim.  Moreover, even if summary affirmance and this prior

9    action brought by plaintiff constitute a strike, defendants have not identified three strikes

10   by plaintiff.  At most, defendants have identified two even if counting this summary

11   affirmance as one.

12    (6) Morris v. Woodford, No. C-08-15965 (9th Cir. Apr. 23, 2008), dismissed

13   because plaintiff did not pay the filing fee (i.e., for "failure to prosecute").  (Defs.' RJN

14   Ex. G.)  The court finds that this case does not constitute a strike for purposes of §

15   1915(g).  See Andrews, 398 F.3d at 1122.  As noted above, under these circumstances,

16   failure to prosecute an appeal is not a qualifying ground under § 1915(g).

17   In short, defendants have not demonstrated that plaintiff has incurred three strikes under

18   28 U.S.C. § 1915 prior to filing this action.[1]  Accordingly, the court will recommend that

19   defendants' motion to revoke plaintiff's IFP status be denied.

20   II.  Motion to Dismiss Under Rule 11

21   Defendants also move to dismiss plaintiff's amended complaint under Rule 11 of the

22   Federal Rules of Civil Procedure because plaintiff misstates the number of previous cases he has

23

24   _____

[1] This court has recently determined in two of plaintiff's other cases that he is not "struck out" for
25   purposes of  § 1915(g) because two of his prior cases, which defendants rely on in the pending
motion, do not constitute strikes.  See Morris v. Daly, Case No. 2:12-cv-2845 LKK JFM (PC)
26   (E.D. Cal. July 5, 2013) (reversing previous orders denying plaintiff leave to proceed in forma
pauperis because Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D. Cal. July 29, 1998) and
27   Morris v. Lushia, No. C 00-56600 (9th Cir. Sept. 27, 2002) do not constitute strikes); Morris v.
Guffee, Case No. 2:13-cv-1171 TLN KJN P (E.D. Cal. Oct. 22, 2013) (deferring to Judge
28   Karlton's analysis in Morris v. Daly and vacating the "three strikes" finding in the case).

1 brought as a prisoner as "4" on his form complaint when in actuality he had filed six additional

2 cases at the time he signed the original complaint filed in this action. Defense counsel also

3 contends that Rule 11 dismissal is appropriate because plaintiff falsely alleges in his amended

4 complaint that defendants refused to copy legal papers for him for an April 16, 2011, court

5 deadline and prevented him from using the law library from November 21, 2010, to March 28,

6 2011. (Defs.' Mot. at 4-7.)

7   As an initial matter, a motion pursuant to Rule 11 has stringent notice and filing

8 requirements. See Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005). A Rule 11 motion

9 must be "made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Rule 11 also

10 includes a safe harbor provision that the court strictly enforces. See id.; Holgate, 425 F.3d at 677.

11 Here, defense counsel has filed this request for sanctions in direct contravention of the Rule

12 11(c)(2) separate motion requirement. It also appears that defense counsel has not complied with

13 the rule's safe harbor provisions.

14   Moreover, in his opposition to defendants' motion, plaintiff adequately addresses defense

15 counsel's contentions. Specifically, plaintiff explains that he is mentally ill and takes medication

16 that impairs his cognitive function. Until recently, plaintiff maintains that he did not completely

17 understand the question on the court's form complaint asking about his previously filed cases. He

18 explains that he thought the question on the form complaint was referring to cases that were

19 completed and closed. Plaintiff has attached to his opposition a list of fifteen cases, albeit without

20 case numbers, in an attempt to correct his response and answer the question on the form

21 complaint accurately. In addition, in support of his allegations that defendants refused to copy

22 legal papers for him for an April 16, 2011, court deadline, plaintiff has attached to his opposition

23 a C.S.P. Sacramento library photocopy services request, which defendant Hamad signed and

24 denied (on behalf of defendant Bradford) on April 4, 2011.

25   Finally, defense counsel argues that plaintiff had several civil actions pending from

26 November 21, 2010, to March 28, 2011, but never complained in those cases that defendants were

27 preventing him from using the law library. However, even if plaintiff did not complain about a

28 lack of library access in his other cases and/or was able to commence new actions during the

1  same time period, this is not proof positive that defendants did not deny him access to the library.

2  (Pl.'s Opp'n to Defs.' Mot. at 6-8 & Exs. D & E.)

3       In short, for all of the foregoing reasons, defendants' motion for sanctions in the form of

4  dismissal under Rule 11 should be denied.

5  III.  <u>Motion to Dismiss Under Rule 18</u>

6       Defendants also move to dismiss plaintiff's amended complaint under Rule 18 of the

7  Federal Rules of Civil Procedure, arguing that plaintiff has combined multiple unrelated claims

8  against multiple defendants in one lawsuit and is purportedly attempting to evade the three-strikes

9  law.  In support of their argument, defendants rely on Seventh Circuit decision in <u>George v.</u>

10  <u>Smith</u>, 507 F.3d 605 (7th Cir. 2007).  (Defs.' Mot. at 13-14.)

11       When the court screened plaintiff's original complaint, the court dismissed it with leave to

12  amend and advised plaintiff that the court would not allow him to proceed in this action on a

13  complaint that ran afoul of the rules of joinder.  In that screening order, the court included

14  excerpts from the decision in <u>George</u>, where a state prisoner had sued twenty-four (24) persons

15  and alleged fifty (50) disparate constitutional violations as an example of an impermissible

16  complaint.  (Doc. No. 7)  In filing his amended complaint, plaintiff has significantly narrowed the

17  scope of his claims to First Amendment retaliation claims and Eighth Amendment inadequate

18  medical care claims.  In this regard, this case is distinguishable from that confronted by the

19  Seventh Circuit in <u>George</u>.  <u>See</u> <u>George</u>, 507 F.3d at 607-08; <u>Turley v. Gaetz</u>, 625 F.3d 1005,

20  1011 (7th Cir. 2010) ("We explained [in <u>George</u>] that a prisoner's complaint that fails to satisfy

21  Rule 20 should be rejected just as a free person's complaint would . . . .  We did not insist,

22  however, that every such complaint *must* be dismissed.").

23       In short, the court is not persuaded by defendants' argument that plaintiff's complaint

24  violates the rules of joinder so as to warrant dismissal.  Accordingly, defendants' motion to

25  dismiss under Rule 18 should be denied.

26  **OTHER MATTERS**

27       In support of the pending motion to revoke plaintiff's IFP status, defendants have filed

28  two requests for judicial notice of case records from plaintiff's prior civil action.  It is well

5

1  established that a court may take judicial notice of court records.  See MGIC Indem. Co. v.

2  Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir.

3  1980).  Accordingly, the court will grant defendants' requests.

**CONCLUSION**

5  IT IS HEREBY ORDERED that defendants' requests for judicial notice (Doc. Nos. 26 &

6  28) are granted.

7  IT IS HEREBY RECOMMENDED that defendants' motions to revoke plaintiff's IFP

8  status pursuant to 28 U.S.C. § 1915(g) and to dismiss the complaint pursuant to Rules 11 and 18

9  of the Federal Rules of Civil Procedure (Doc. No. 25) be denied.

10  These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b) (l).  Within fourteen days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be filed and served within seven days after service of the objections.  The parties are advised

16  that failure to file objections within the specified time may waive the right to appeal the District

17  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated:  November 25, 2013

20  _____
    DALE A. DROZD
21  UNITED STATES MAGISTRATE JUDGE

22  DAD:9
    morr1171.57

6