UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>BRADFORD et al.,<br><br>        Defendants. | No. 2:11-cv-1171 LKK DAD P<br><br><br>ORDER |

      On February 24, 2014, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies prior to filing suit as required. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled the decision in Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for seeking pretrial resolution of an affirmative defense on the basis of failing to comply with the administrative exhaustion requirement. See Albino v. Baca, ___ F.3d ___, 2014 WL 1317141 at *1 (9th Cir. 2014) (en banc). Under the decision in Albino, defendants may raise the issue of proper exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Id. at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

/////

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss for failure to exhaust administrative remedies prior to filing suit (Doc. No. 35) is denied without prejudice to the filing of a motion for summary judgment in accordance with <u>Albino</u> within thirty days.

Dated: April 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
morr1171.alb