1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LEON E. MORRIS,                              No.  2:11-cv-1171 KJM DAD P

12                        Plaintiff,

13         v.                                      FINDINGS AND RECOMMENDATIONS

14    BRADFORD et al.,

15                        Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18    42 U.S.C. § 1983.  Pending before the court is defendants''motion for summary judgment based

19    on plaintiff''s alleged failure to exhaust his available administrative remedies prior to filing suit as

20    required.  Plaintiff has filed an opposition to the motion.  Defendants did not elect to file a reply.

21                                        **BACKGROUND**

22        Plaintiff is proceeding on his first amended complaint.  At screening, the court found that

23    plaintiff''s complaint appeared to state a cognizable claim for retaliation in violation of the First

24    Amendment against defendants Bradford, Hamad, Pena, Aguyo, Boatright, Mooghaddan,

25    Hernandez, Brown, Cruz, Crawford, Low, Brewer, and Guffee.  (Doc. No. 13 at 1.)  The court

26    also found that plaintiff''s complaint appeared to state a cognizable claim for deliberate

27    indifference under the Eighth Amendment against defendants Aguyo, Boatright, and

28    /////

                                                1

1   Mooghaddan.  (Id.)  Finally, the court found that plaintiff had failed to state cognizable claims

2   against other defendants based on the allegations of his amended complaint.  (Id. at 2.)

3   **THE EXHAUSTION REQUIREMENT**

4         By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. §

5   1997e to provide that "[n]o action shall be brought with respect to prison conditions under section

6   1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

7   correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.

8   § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether

9   they involve general circumstances or particular episodes, and whether they allege excessive

10  force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

11        The United States Supreme Court has ruled that exhaustion of prison administrative

12  procedures is mandated regardless of the relief offered through such procedures.  See Booth v.

13  Churner, 532 U.S. 731, 741 (2001).  The Supreme Court has also cautioned against reading

14  futility or other exceptions into the statutory exhaustion requirement.  See id. at 741 n.6.

15  Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion

16  requirement by filing an untimely or otherwise procedurally defective administrative grievance or

17  appeal.  See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).  "[T]o properly exhaust administrative

18  remedies prisoners 'must complete the administrative review process in accordance with the

19  applicable procedural rules," [ ] - rules that are defined not by the PLRA, but by the prison

20  grievance process itself."  Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S.

21  at 88).  See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

22  system"s requirements 'define the boundaries of proper exhaustion."").

23        In California, prisoners may appeal "any policy, decision, action, condition, or omission

24  by the department or its staff that the inmate or parolee can demonstrate as having a material

25  adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

26  Most appeals progress through three levels of review.  See id. § 3084.7.  The third level of review

27  constitutes the decision of the Secretary of the California Department of Corrections and

28  Rehabilitation and exhausts a prisoner"s administrative remedies.  See id. § 3084.7(d)(3).  A

1   California prisoner is required to submit an inmate appeal at the appropriate level and proceed to

2   the highest level of review available to him.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.

3   2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

4          A court may excuse a prisoner from complying with the PLRA's exhaustion requirement

5   if he establishes that the existing administrative remedies were effectively unavailable to him.

6   See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014).  For example, where prison officials

7   improperly screen out inmate grievances, they can render administrative remedies effectively

8   unavailable.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the

9   inmate cannot pursue the necessary sequence of appeals . . . ."  Id.  See also Nunez v. Duncan,

10  591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was

11  precluded from exhausting his administrative remedies by a warden's mistaken instruction to him

12  that a particular unavailable document was needed for him to pursue his inmate appeal); Marella,

13  568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the

14  necessary grievance forms to timely file his grievance).

15         The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative

16  defense that defendants must plead and prove.  See Jones, 549 U.S. at 216 ("[I]nmates are not

17  required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at

18  1168.  A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n

19  the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint.  Albino,

20  747 F.3d at 1168 & 1169.  More typically, defendants are required to move for summary

21  judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a

22  prisoner's failure to exhaust.  See id. at 1166.  Specifically, "the defendant's burden is to prove

23  that there was an available administrative remedy, and that the prisoner did not exhaust that

24  available remedy."  Id. at 1172.  If the defendant carries that burden, "the prisoner has the burden

25  of production.  That is, the burden shifts to the prisoner to come forward with evidence showing

26  that there is something in his particular case that made the existing and generally available

27  administrative remedies effectively unavailable to him."  Id.  If the undisputed evidence viewed

28  in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant

1   defendant"s motion for summary judgment.  Id. at 1166.  On the other hand, if there are material

2   facts in dispute, the court should deny defendant"s motion summary judgment.  Id.

3   **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE**

4         In support of the pending motion for summary judgment for failure to exhaust

5   administrative remedies prior to filing suit, defense counsel has submitted a statement of

6   undisputed facts supported by citations to declarations signed under penalty of perjury by CSP-

7   Sacramento Inmate Appeals Coordinator J. Jibson, Chief of the Inmate Correspondence and

8   Appeals Branch R. Robinson, Acting Chief of the Office of Appeals Zamora, and Health Care

9   Appeals Coordinator J. Gibson.  In addition, defense counsel has submitted copies of plaintiff"s

10  inmate appeals and prison officials" responses thereto.  The evidence submitted by defense

11  counsel in support of the pending motion for summary judgment appears to establish the

12  following.[1]

13  **Claim 1**

14        Plaintiff alleges in his amended complaint that defendants Bradford, Pina, and Hamad

15  violated his constitutional rights by retaliating against him for filing inmate appeals by refusing to

16  allow him access to the prison law library from November 21, 2010, through March 28, 2011.

17  Plaintiff first asserted this claim in his original complaint filed with this court.  Plaintiff submitted

18  Inmate Appeal Log No. SAC-E-11-00154, which reflected these same allegations, but he did not

19  pursue that inmate appeal beyond the second level of review.  On April 13, 2011, prison officials

20  at the second level of review partially granted plaintiff"s inmate appeal but denied that he had

21  been deprived of library access and did not grant him the relief he sought, i.e. access to case

22

---

23  [1]  The undersigned finds the pending motion for summary judgment somewhat unwieldy.  This is,

24  at least in part, due to plaintiff"s apparent practice of repeatedly filing somewhat related inmate
    appeals.  Defense counsel has chosen to address each of plaintiff"s separate inmate appeals as
    supporting a separate claim even though in his pending amended complaint plaintiff does not

25  necessarily present them as such.  The undersigned cannot quarrel with defense counsel"s
    decision to present the motion in this fashion since it provides at least some structure to the issues

26  presented by the motion for summary judgment.  However, in some instances the supporting

27  declarations or documents submitted by the defense do not in fact support the arguments
    advanced in the summary judgment motion.  A reply brief may well have served to clarify those

28  apparent inconsistencies noted below.

4

1   materials.  Plaintiff did not pursue this inmate appeal to the third level of review.  (Defs.″ SUDF

2   1-4, Pl.″s Compl., Pl.″s Am. Compl., Jibson Decl. & Exs. B & C, Zamora Decl.)

3   /////

4   /////

5   **Claim 2**

6   Plaintiff alleges in his amended complaint that on April 4, 2011, defendants Bradford,

7   Pina, and Hamad violated his constitutional rights by retaliating against him by refusing to copy

8   certain legal papers in connection with a April 16, 2011court filing deadline plaintiff had in the

9   United States District Court for the Northern District of California.  Plaintiff first asserted this

10  claim in his original complaint filed with this court.  Plaintiff submitted an inmate appeal to

11  prison officials dated April 9, 2011, which concerned these same allegations, but prison officials

12  rejected that inmate appeal three times:  on April 19, 2011, May 31, 2011, and June 8, 2011.  The

13  appeals coordinator sent plaintiff letters explaining why he screened out each of those inmate

14  appeals and how plaintiff could cure the noted defects.  Plaintiff did not comply with those

15  instructions and, on June 23, 2011, prison officials cancelled the inmate appeal.  The cancellation

16  letter advised plaintiff:  "Pursuant to CCR 3084.6(e) once an appeal has been cancelled, that

17  appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation

18  decision."  Plaintiff did not appeal the cancellation of this inmate appeal nor did he submit any

19  inmate appeal to the third level of review concerning defendants″ alleged refusal to copy

20  plaintiff″s legal papers to allow him to comply with a court filing deadline.  (Defs.″ SUDF 7-15,

21  Pl.″s Compl., Pl.″s Am. Compl., Jibson Decl. & Ex. G, Zamora Decl.)

22  **Claim 3**

23  Plaintiff alleges in his amended complaint that defendants Auguayo and Boatright violated

24  his constitutional rights by retaliating against him for filing inmate appeals by giving plaintiff the

25  wrong medication in February and March 2010.  Plaintiff first asserted this claim in his original

26  complaint filed in this court.  Plaintiff submitted two inmate appeals, Appeal Log No. SAC-10-

27  10-10858 and Appeal Log No. SAC 10-10-10617, which concerned these allegations, but he did

28  not pursue either of them beyond the first level of review.  As to Appeal Log No. SAC-10-10-

1  10858, prison officials at the first level of review partially granted the inmate appeal but denied

2  that plaintiff had been given the wrong medication and instead took the position that he was then

3  being given the correct medication.  At the first level of review plaintiff was not granted the relief

4  he sought:  to stop having his medication "tampered with" and plaintiff in the first level review

5  decision was advised:  "You have every right to exhaust all administrative remedies of the appeal

6  process."  Plaintiff did not pursue that inmate appeal to the second or third levels of review.

7  As to Appeal Log No. SAC 10-10-10617, prison officials granted that inmate appeal but

8  again denied that plaintiff had been given the wrong medication.  At the first level of review of

9  this inmate appeal plaintiff was not provided with the relief he sought:  Benadryl and exhaustion

10  of his claim.  Again, at the first level of review as to this inmate appeal prison officials informed

11  plaintiff:  "You have the right to elevate this appeal if you are not satisfied with the response."

12  Plaintiff did not pursue that inmate appeal to the second or third levels of review.  (Defs." SUDF

13  16-27, Pl."s Compl., Pl."s Am. Compl., Gibson Decl. & Exs. A & B, Zamora Decl.)

14  **Claim 4**

15  Plaintiff alleges in his amended complaint that defendants Auguayo and Boatright violated

16  his constitutional rights by retaliating against him for filing inmate appeals by giving him the

17  wrong medication on April 7 and 11, 2011.  Plaintiff first asserted this claim in his original

18  complaint filed with this court.  Plaintiff submitted Appeal Log No. SAC HC 11013958, which

19  concerned these allegations, and pursued that inmate appeal through the third level of review.

20  However, he did not do so until December 21, 2011, more than six months after he filed his

21  original complaint in this civil action.  (Defs." SUDF 28-30, Pl."s Compl., Pl."s Am. Compl.,

22  Gibson Decl. & Ex. C.)

23  **Claim 5**

24  Plaintiff alleges in his amended complaint that in April 2011, he told defendant Dr.

25  Mooghaddam that he was suffering with chronic pain and was going to sue Dr. Mooghaddam.

26  Defendant Dr. Mooghaddam allegedly responded:  "I"m not sure you are having any pain in your

27  chest area."  The defendant doctor interviewed plaintiff for an inmate appeal in which plaintiff

28  claimed the defendant was not treating plaintiff"s serious medical needs.  During that interview,

1   plaintiff told defendant Dr. Mooghaddam that he had written to the U.S. Department of Health

2   and Human Services, and defendant Dr. Mooghaddam responded by stating he was not going to

3   do anything for plaintiff.  Plaintiff first asserted these claims in his amended complaint filed with

4   /////

5   this court.  Plaintiff submitted Inmate Appeal Log No. SAC HC 11013958,[2] which concerned

6   these allegations, and pursued that inmate appeal through the third level of review.  However,

7   again, he did not do so until December 21, 2011, three months after he filed his amended

8   complaint in this civil action.  (Defs.'' SUDF 31-37, Pl.''s Am. Compl., Gibson Decl.)

9         **Claim 6**

10        Plaintiff also alleges in his amended complaint that defendant Dr. Mooghaddam "is

11  seeking to cause me injury or death" because on May 17, 2011, the defendant prescribed a

12  stomach medicine for plaintiff that had previously been ordered discontinued in his case.

13  Defendant Dr. Mooghaddam also increased plaintiff''s blood pressure medication despite a 122/88

14  reading.  Plaintiff claims that his psychiatrist commented that he was concerned about the amount

15  of blood pressure medication plaintiff was taking, stating that plaintiff had been prescribed far

16  too much of such medication and if his heart slowed down it could be very dangerous.  Plaintiff

17  first asserted these claims in his amended complaint filed with this court.  However, plaintiff did

18  not file any inmate appeals regarding the issue of defendant Dr. Mooghaddam allegedly

19  prescribing the wrong or uncalled for stomach or blood pressure medication for plaintiff.  (Defs.''

20  SUDF 38-44, Pl.''s Am. Compl., Gibson Decl. & Ex. D.)

21        **Claim 7**

22        Plaintiff alleges in his amended complaint that on April 11, 2011, defendant Crawford

23  violated his constitutional rights by retaliating against him by bringing him a tray of food that was

24  burnt to a crisp.  According to plaintiff, when he showed the defendant the tray, defendant

25  Crawford responded "I ain''t getting you nothing else."  Two weeks later, defendant Crawford did

26

27  _____

[2]  Defense counsel lists the relevant appeal regarding this incident as Appeal Log No. SAC HC
11013958, but this appears to be a typographical error.  Rather, Appeal Log. No. SAC HC
28  11013952 appears to be the relevant appeal at issue with respect to this claim.

1   the same thing.  Plaintiff first asserted these claims in his original complaint filed in this civil

2   action.  Plaintiff did not submit any inmate appeal describing these events.  Plaintiff did, however,

3   submit Inmate Appeal SAC-P-11-00454 in which he alleged that on different dates (April 16,

4   2011 and May 8, 2011), defendant Crawford had refused to feed plaintiff his Halal-approved

5   meal.  Prison officials at the first level of review reviewed that inmate appeal on July 8, 2011, two

6   months after plaintiff filed his original complaint asserting this claim in this civil action.  Prison

7   officials at the first level of review denied that plaintiff was being deprived his Halal meals and

8   provided documents to plaintiff which reflected that he had received the proper meals on the days

9   in question and concluding that "staff acted appropriately in accordance with State Law, the CCR,

10   and the DOM."  (Defs." SUDF 45-54, Pl."s Compl., Pl."s Am. Compl., Jibson Decl. & Exs. D &

11   E.)

12       **Claim 8**

13       Plaintiff alleges in his amended complaint that defendant Hernandez violated his

14   constitutional rights by retaliating against him by pouring all the food on plaintiff"s tray onto the

15   floor.  When plaintiff objected, defendant Hernandez cussed him out and slammed the food port

16   to plaintiff"s cell.  When plaintiff told defendants Guffee and Low what had happened they

17   allegedly looked on the floor but neither of them gave plaintiff something to eat.  Plaintiff alleges

18   that with respect to this incident defendants Guffee and Low "lied and said there was no sergeant

19   around, when in fact Sergeant Ybarra was there."  Plaintiff first asserted these claims in his

20   amended complaint filed with this court.  Plaintiff did not submit any inmate appeal describing

21   these events.  (Defs." SUDF 55-60, Pl."s Am. Compl., Jibson Decl.)

22       **Claim 9**

23       Plaintiff alleges that defendants have violated his constitutional rights by retaliating

24   against him by degrading and humiliating him in stripping him naked and having him stand

25   longer than he should for strip searches.  Plaintiff concedes that all inmates are to be strip

26   searched before leaving their cells but claims "until recently it was never done, no other

27   patient/prisoner is subjected to such treatment."  Plaintiff alleges that defendant Brown and

28   Morris once had him squat and cough three times.  Plaintiff first asserted these claims in his

1   original complaint filed in this action.  Plaintiff did not submit any inmate appeal describing these

2   alleged events.  (Defs." SUDF 60-65, Pl."s Compl., Pl."s Am. Compl., Jibson Decl.)

3   /////

4   /////

5       **Claim 10**

6       Plaintiff alleges that on June 9, 2011, he was sent to a "CTC II crisis bed."  The following

7   day, two unarmed guards packed his personal property.  Plaintiff received his property on July 8,

8   2011, and while signing the property slip, noted that it indicated that "2w staff" packed the

9   property.  Plaintiff discovered numerous items of his property were missing, including a copy of

10  the Qur"an, which was eventually returned to him on July 21, 2011.  Plaintiff submitted Inmate

11  Appeal Log No. SAC-A-11-00889, which concerned these same allegations.  Prison officials at

12  the first level of review accepted that inmate appeal on October 3, 2011.  Plaintiff then withdrew

13  that inmate appeal on November 10, 2011, several months after he filed his amended complaint in

14  this civil rights action.  (Defs." SUDF 66-73, Pl."s Am. Compl., Jibson Decl. & Ex. F.)

15                          **ANALYSIS**

16      As noted above, plaintiff is proceeding against defendants on various First Amendment

17  retaliation and Eighth Amendment deliberate indifference with respect to medical care claims.

18  Below, the court will address defendants" contentions on summary judgment that plaintiff failed

19  to properly exhaust his administrative remedies with respect to each of these claims prior to filing

20  suit as required.

21      **Claim 1**

22      The court finds that defendants have not carried their burden of demonstrating that

23  plaintiff failed to properly exhaust his retaliation claim against defendants Bradford, Pina, and

24  Hamad for their alleged refusal to allow him access to the law library from November 21, 2010 to

25  March 28, 2011.  Defense counsel argues that plaintiff failed to exhaust this claim because he did

26  not properly pursue Appeal Log No. SAC-E-11-00154 through the third level of review before

27  filing his complaint in this civil action.  (Defs." Mem. of P. & A. at 10-11.)  Plaintiff argues in

28  opposition that he received all of the relief he requested at the second level of review of his

1   inmate appeal regarding this incident, and therefore did not need to pursue his grievance any

2   further.  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 12-13.)

3          Based on the undisputed evidence before the court on summary judgment, in Appeal Log

4   No. SAC-E-11-00154, plaintiff complained that law library staff had not picked up his case

5   citations, provided him with additional requested materials, or called him for purposes of

6   providing him physical access to the law library.  (Defs.' Mot. for Summ. J., Jibson Decl. Ex. B.)

7   In the "Action Requested" section of that inmate appeal form, plaintiff requested that law library

8   staff pick up his case citations, provide him with additional requested case cites, and allow him

9   physical access to the library.  (Id.)  As plaintiff pursued this inmate appeal through the formal

10  levels of review, however, he narrowed his request for relief.  (Id.)  At the first level of review on

11  the inmate appeal, for example, plaintiff asked only that the case cites be picked up for him.  (Id.)

12  At the first level of review prison officials denied plaintiff's request on the grounds that prison

13  staff is not responsible for retrieving the materials requested by plaintiff.  (Id., Ex. C.)  Plaintiff

14  appealed that decision to the second level of review, and explained that he had returned the

15  materials he had checked out to Correctional Officer Pina before he left administrative

16  segregation and that he had been instructed by staff not to send the paged materials back in the

17  mail.  (Id., Ex. B.)  Plaintiff also complained again about his lack of physical access to the law

18  library.  (Id.)

19         At the second level of review plaintiff's inmate appeal was "partially granted" with

20  respect to his request that the case citations he sought be picked up by staff, presumably because

21  plaintiff had given the materials to Officer Pina as he had been instructed.  (Id., Ex. C.)  At the

22  second level of review prison officials also "partially granted" plaintiff's request for physical

23  access to the law library, presumably because he had twice received such physical access since

24  filing his inmate appeal.  (Id.)

25         The Ninth Circuit has held that "[a]n inmate has no obligation to appeal from a grant of

26  relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies."

27  Harvey v. Jordan, 605 F.3d 681, 685 (9th Cir. 2010).  The Ninth Circuit has also made clear that

28  "there can be no 'absence of exhaustion' unless some relief remains 'available.'"  Brown v.

10

1    Valoff, 422 F.3d 926, 937 (9th Cir. 2005).  Here, defendants have not explained what pertinent

2    relief remained available to plaintiff after prison officials at the second level of review partially

3    granted his Inmate Appeal Log No. SAC-E-11-00154.  See Booth, 532 U.S. at 738 (for a remedy

4    to be "available" there must be the "possibility of some relief . . .").  Defendants contend that

5    plaintiff did not receive the case materials he initially requested at the informal level of review.

6    As noted above, however, plaintiff had narrowed his request for relief as he proceeded through

7    the first and second formal levels of review of his grievance.  As a result, prison officials at the

8    second level of review did not grant, deny, or address plaintiff's initial request for case materials.

9    However, plaintiff was granted the relief he requested at the second level of review.

10          Accordingly, defendants' motion for summary judgment based on plaintiff's alleged

11   failure to exhaust his administrative remedies with respect to his Claim 1 should be denied.

12          **Claim 2**

13          The court finds that defendants have carried their burden of demonstrating that plaintiff

14   failed to exhaust his retaliation claim in connection with defendants Bradford, Pina, and Hamad's

15   alleged refusal to copy legal papers for compliance with a court deadline set by the United States

16   District Court for the Northern District of California for April 16, 2011.  Defense counsel argues

17   that plaintiff failed to exhaust this claim because he did not properly pursue his inmate appeal to

18   the third level of review before filing his complaint in this civil action.  (Defs.' Mem. of P. & A.

19   at 10.)   Plaintiff argues in opposition that prison officials cancelled his inmate appeal for not first

20   exhausting his claim through use of a CDCR 22 Form.  Plaintiff contends that he did in fact

21   submit two separate CDCR 22 Forms prior to filing his inmate appeal, but that prison officials

22   ignored them.  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 13-14.)  In this regard, plaintiff

23   appears to argue that the court should excuse him from the exhaustion requirement due to the

24   actions of prison officials.

25          Based on the undisputed evidence before the court, plaintiff submitted an inmate appeal

26   dated April 9, 2011, to prison officials concerning defendants' alleged interference with his

27   access to the courts.  (Defs.' Mot. for Summ. J., Jibson Decl. Ex. G.)  Prison officials screened

28   out plaintiff's inmate appeal three times:  on April 19, 2011, May 31, 2011, and June 8, 2011.

1    (Id.)  In doing so, prison officials told plaintiff that he needed to submit a CDCR 22 Form and

2    exhaust it before utilizing a CDCR 602 form.  (Id.)  Plaintiff failed to comply with prison

3    officials" screen out orders to their satisfaction, and on June 23, 2011, prison officials cancelled

4    the inmate appeal.  (Id.)  Moreover, plaintiff did not appeal the cancellation of his appeal.  (Id.)

5         The Ninth Circuit has held that a court may excuse a prisoner from complying with the

6    exhaustion requirement when prison officials render administrative remedies effectively

7    unavailable even if prison officials did not act in bad faith in doing so.  See Sapp, 623 F.3d at

8    822; Nunez, 591 F.3d at 1224.  In this case, the undersigned concludes that plaintiff should not be

9    excused from the exhaustion requirement based upon the actions of prison officials in response to

10   the inmate appeal in question.  On April 19, 2011, prison officials first screened out plaintiff "s

11   inmate appeal.  Less than a week later, on April 25, 2011, plaintiff dated and filed his original

12   complaint in this civil action asserting the claim at issue.  At the time plaintiff filed his complaint

13   in this action he had not even attempted to comply with prison officials" first screen out decision.

14   Nor had plaintiff attempted by that time to explain to prison officials that he had previously

15   attempted to complete and submit two CDCR 22 Forms.  Under these circumstances and in light

16   of the evidence submitted on summary judgment, the court finds that plaintiff did not take

17   "reasonable and appropriate steps to exhaust his claim" and could not have had "a reasonable and

18   good faith belief that administrative remedies [were] effectively unavailable" to him at the time

19   he filed his complaint in this civil action.  Nunez, 623 F.3d at 1224; Sapp, 623 F.3d at 826.

20        Accordingly, defendants" motion for summary judgment based on plaintiff"s failure to

21   exhaust his administrative remedies prior to filing suit with regard to his Claim 2 should be

22   granted.

23   **Claim 3**

24        The court finds that defendants have not carried their burden of demonstrating that

25   plaintiff failed to exhaust his retaliation claim in connection with his allegation that defendants

26   Auguayo and Boatright gave him the wrong medication in February and March 2010.  Defense

27   counsel argues that plaintiff failed to exhaust his administrative remedies with respect to this

28   claim because, although he submitted two inmate appeals, Appeal Log No. SAC-10-10-10858

1   and Appeal Log No. SAC 10-10-10617, that arguably presented this claim, he did not properly

2   pursue either inmate appeal through the third level of review.  (Defs.'' Mem. of P. & A. at 11-12.)

3   Defense counsel also contends that even if prison officials'' responses to plaintiff''s inmate appeals

4   at the first level of review were to somehow constitute exhaustion of this claim, prison officials

5   did not issue their first level responses to these inmate appeals until weeks after plaintiff filed his

6   original complaint in this action.  (Id.)  In his opposition to defendants'' motion, plaintiff again

7   argues that he received all of the relief he requested at the first level of review of his inmate

8   appeal, and therefore was not required to pursue any further relief.  (Pl.''s Opp''n to Defs.'' Mot.

9   for Summ. J. at 14-15.)

10       Based on the undisputed evidence before the court on summary judgment, plaintiff

11  submitted Inmate Appeal Log Nos. SAC-10-10-10858 and SAC 10-10-10617, which set forth his

12  allegations against defendants Auguayo and Boatright.  (Defs.'' Mot. for Summ. J., Gibson Decl.

13  Exs. A & B.)  In the "Action Requested" section of Appeal Log No. SAC-10-10-10858, plaintiff

14  requested that Boatwright stop tampering with his medication.  (Id., Ex. A.)  Plaintiff also

15  requested "to exhaust these administrative remedies, so I can proceed to federal court."  (Id.)

16  That inmate appeal at the first level of review was "partially granted" on the grounds that plaintiff

17  was currently receiving his medication as prescribed.  (Id.)  Plaintiff did not pursue this inmate

18  appeal further.  (Id.)  Turning to Inmate Appeal Log No. SAC 10-10-10617, in the "Action

19  Requested" section, plaintiff asked "only to exhaust my administration [sic] remedies so I can file

20  in federal court.  And my medication if that is @ all possible."  (Id., Ex. B.)  Prison officials at the

21  first level of review again "granted" this inmate appeal on the grounds that plaintiff was currently

22  receiving his medication as prescribed.  (Id.)  Once again, plaintiff did not pursue this appeal

23  further.  (Id.)

24       As noted above, "[a]n inmate has no obligation to appeal from a grant of relief, or a partial

25  grant that satisfies him, in order to exhaust his administrative remedies."  Harvey, 605 F.3d at

26  685.  In addition, "there can be no ,absence of exhaustion'' unless *some* relief remains ,available''"

27  Brown, 422 F.3d at 937.  As with plaintiff''s Claim 1, defense counsel has not explained what

28  pertinent relief remained available to plaintiff after prison officials at the first level of review

1   partially granted both Appeal Log No. SAC-10-10-10858 and Appeal Log No. SAC 10-10-10617.

2   Moreover, contrary to defense counsel"s argument, prison officials at the first level of review

3   responded to plaintiff"s appeals on May 24, 2010 (not May 24, 2011 as argued by counsel), and

4   on March 11, 2010 (not May 2, 2011 as argued by counsel), respectively, nearly a year before

5   plaintiff filed his original complaint in this civil action.  (Defs." Mot. for Summ. J., Gibson Decl.

6   Exs. A & B.)

7       Accordingly, defendants" motion for summary judgment based on plaintiff"s alleged

8   failure to exhaust his administrative remedies prior to filing suit with respect to his Claim 3

9   should be denied.

10   **Claim 4**

11       The court finds that defendants have carried their burden of demonstrating that plaintiff

12   failed to exhaust his retaliation claim in connection with his allegation that defendants Auguayo

13   and Boatright giving him the wrong medication on April 7 and 11, 2011.  Defense counsel argues

14   that plaintiff failed to exhaust this claim because although plaintiff pursued Inmate Appeal Log

15   No. SAC HC 11013958 through the third level of review he did not receive a decision at that

16   level of review until six months after he filed his original complaint in this civil action in which

17   he asserted this claim.  (Defs." Mem. of P. & A. at 12.)  In opposition to the pending motion,

18   plaintiff argues that he received all of the relief he requested at the first level of review and only

19   pursued his inmate appeal to the second and third levels of review to obtain clarification from

20   prison officials as to what "partially granted" meant in the context of this inmate appeal.  (Pl."s

21   Opp"n to Defs." Mot. for Summ. J. at 15-16.)

22       Based on the undisputed evidence before the court, plaintiff submitted Inmate Appeal Log

23   No. SAC HC 11013958, which concerned his allegations against defendants Auguayo and

24   Boatright for administering the wrong medication.  (Defs." Mot. for Summ. J., Gibson Decl. Ex.

25   C.)  In the "Action Requested" section of that inmate appeal, plaintiff requested "for nobody to

26   switch my meds and to stop."  (Id.)  At the first level of review that inmate appeal was "partially

27   granted."  (Pl."s Opp"n to Defs." Mot. for Summ. J., Ex. F.)  Plaintiff then appealed to the second

28   level of review seeking clarification from prison officials as to "what part is granted and what part

1   is denied." (Id.)  Plaintiff sought similar clarification from prison officials at the third level of

2   review.  (Id.)

3        The Ninth Circuit has held that a prisoner "may initiate litigation in federal court only

4   after the administrative process ends and leaves his grievances unredressed." Vaden v.

5   Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  See also McKinney v. Carey, 311 F.3d 1198,

6   1200 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion

7   provides a strong incentive that will further these Congressional objectives; permitting exhaustion

8   *pendente lite* will inevitably undermine attainment of them.").  In this case, plaintiff did not

9   complete the administrative appeals process with respect to his Inmate Appeal Log No. SAC HC

10  11013958 until December 21, 2011, more than six months after he filed his original complaint

11  asserting the claim at issue in this civil action.

12       The court finds unpersuasive plaintiff's argument that he exhausted his claim at the first

13  level of review because he received all of the relief he had requested at that level.  Upon review

14  of Inmate Appeal Log No. SAC HC 11013958, it is clear that plaintiff was dissatisfied with

15  prison officials' response to his inmate appeal, and he persistently sought clarification from them

16  at the second and third levels of review.  See Woodford, 548 U.S. at 86 (prisoner must pursue

17  claim if it is denied or "the prisoner otherwise is dissatisfied with the result.")  This was not an

18  instance where no pertinent relief remained available to plaintiff.  See Brown, 422 F.3d at 935

19  ("[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains

20  'available.'").

21       Accordingly, defendants' motion for summary judgment based on plaintiff's failure to

22  exhaust his administrative remedies with respect to his Claim 4 prior to filing suit should be

23  granted.

24       **Claim 5**

25       The court finds that defendants have carried their burden of demonstrating that plaintiff

26  failed to exhaust his claim in connection with defendant Dr. Mooghaddam's alleged refusal to

27  treat plaintiff's chronic pain or provide care for him after plaintiff told him he had written to the

28  U.S. Department of Health and Human Services.  Defense counsel argues that plaintiff failed to

1    exhaust this claim because although he pursued Inmate Appeal Log No. SAC HC 11013952

2    through the third level of review plaintiff did not receive a decision from the third level until

3    December 21, 2011, more than three months after he filed his amended complaint asserting this

4    claim in this civil action.  (Defs.' Mem. of P. & A. at 12.)  Plaintiff argues in opposition that he

5    received all of the relief he requested at the first level of review, and therefore he did not need to

6    pursue the inmate appeal beyond that level of review.  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at

7    17.)

8         Based on the undisputed evidence before the court on summary judgment, plaintiff

9    submitted Inmate Appeal Log No. SAC HC 11013952, which concerned his allegations against

10   defendant Dr. Mooghaddam.  In the "Action Requested" section of that inmate appeal plaintiff

11   requested adequate, proper, and meaningful medical treatment.  (Defs.' Mot. for Summ. J.,

12   Gibson Decl. Ex. D; Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 17 & Ex. G.)  On July 14, 2011,

13   prison officials at the first level of review "partially granted" this inmate appeal.  (Id.)  Plaintiff

14   appealed from that decision, and on August 16, 2011, prison officials at the second level of

15   review "partially granted" plaintiff's inmate appeal.  (Id.)  Plaintiff appealed once more, and on

16   December 21, 2011, prison officials at the third level of review denied his inmate appeal.  (Id.)

17        Again, the Ninth Circuit has held that a prisoner "may initiate litigation in federal court

18   only after the administrative process ends and leaves his grievances unredressed."  Vaden, 449

19   F.3d at 1051.  See also McKinney, 311 F.3d at 1200.  In this case, plaintiff did not complete the

20   administrative appeals process with respect to his Inmate Appeal Log No. SAC HC 11013952

21   until December 21, 2011, more than three months after he filed his amended complaint asserting

22   the claim at issue in this civil action.

23        The court also finds unpersuasive plaintiff's argument that he exhausted his claim at the

24   first level of review because he received all of the relief he had requested at that level of review.

25   Upon review of Inmate Appeal Log No. SAC HC 11013952, it is clear that plaintiff had an

26   ongoing complaint about the medical care provided to him by defendant Dr. Mooghaddam, and

27   he continued to demand adequate, proper, meaningful medical treatment at each stage of the

28   appeals process thereafter.  See Woodford, 548 U.S. at 86.  Once more, this was not an instance

1   where no pertinent relief remained available to plaintiff.  Brown, 422 F.3d at 935.

2         Accordingly, defendants'' motion for summary judgment based on plaintiff's failure to

3   exhaust his administrative remedies with respect to his Claim 5 prior to filing suit should be

4   granted.

5         **Claim 6**

6         The court finds that defendants have carried their burden of demonstrating that plaintiff

7   failed to exhaust his claim in connection with defendant Dr. Mooghaddam's alleged attempt to

8   cause plaintiff injury or death by prescribing him with improper stomach medication and over-

9   medicating him to treat his blood pressure.  Defense counsel argues that plaintiff never submitted

10  any inmate appeal concerning these allegations.  (Defs.'' Mem. of P. & A. at 13.)  Plaintiff argues

11  that he submitted two inmate appeals, Appeal Log No. SAC HC 11013952 and a second appeal

12  that disappeared.  Plaintiff contends that he made a hand-written duplicate of this second appeal

13  at the time he filed the original "as he sometimes does" and sent it with a CDCR 22 Form to

14  prison officials, but that prison officials ignored it as well.  (Pl.''s Opp'n to Defs.'' Mot. for Summ.

15  J. at 18 & Ex. H.)  In this regard, plaintiff appears to argue that the court should excuse him from

16  the exhaustion requirement under these circumstances.

17        Construing the evidence presented on summary judgment in the light most favorable to

18  plaintiff, plaintiff has not created genuine dispute as to any material fact with respect to his pre-

19  suit exhaustion of this claim.  As an initial matter, even assuming for the sake of argument that

20  Inmate Appeal Log No. SAC HC 11013952 included sufficient detail to put prison officials on

21  notice of plaintiff's claim, as already discussed in Claim 5, plaintiff did not complete the

22  administrative process on this appeal until December 21, 2011, well after he filed his amended

23  complaint in this civil action in which he presented the claim at issue.  (Pl.''s Opp'n to Defs.'' Mot.

24  for Summ. J., Ex. H.)

25        In addition, as to plaintiff's alleged second inmate appeal that supposedly disappeared,

26  again, plaintiff has not created genuine dispute as to a material fact.  Plaintiff has merely

27  submitted to the court a hand-written alleged "duplicate" of this second inmate appeal that he

28  claims he submitted to prison officials.  (Pl.''s Opp'n to Defs.'' Mot. for Summ. J., Ex. H.)

1    However, there is no indication on the duplicate appeal that plaintiff now presents that he actually

2    submitted this inmate appeal for review or that prison officials received it or accepted it for

3    review.  (Id.)  In fact, there is reason to question the veracity of plaintiff's alleged duplicate

4    inmate appeal on its face since it is dated June 22, 2014.  (Id.)  As to the CDCR 22 Form that

5    plaintiff subsequently submitted inquiring about this inmate second appeal, even assuming

6    plaintiff submitted this to prison officials but they ignored it, his CDCR 22 Form is dated August

7    10, 2011.  (Id.)  Plaintiff dated and filed his amended complaint in this civil action asserting this

8    claim on July 31, 2011.  Thus, at the time plaintiff filed his amended complaint in this civil action

9    he had not even attempted to follow-up on this second inmate appeal he now claims to have

10   submitted.  Under these circumstances, the court finds that plaintiff did not take "reasonable and

11   appropriate steps to exhaust his claim" and could not have had "a reasonable and good faith belief

12   that administrative remedies are effectively unavailable" to him at the time he filed his amended

13   complaint in this action.  Nunez, 623 F.3d at 1224; Sapp, 623 F.3d at 826.

14        Accordingly, defendants' motion for summary judgment based on plaintiff's failure to

15   exhaust his administrative remedies prior to filing suit with respect to his Claim 6 should be

16   granted.

17        **Claim 7**

18        The court finds that defendants have carried their burden of demonstrating that plaintiff

19   failed to exhaust his retaliation claim in connection with defendant Crawford allegedly bringing

20   him food that was burnt to a crisp.  Defense counsel argues that plaintiff submitted Inmate Appeal

21   Log No. SAC-P-11-00454 in which he alleged that defendant Crawford refused to feed him a

22   Halal-approved meal.  (Defs.' Mem. of P. & A. at 13.)  Defense counsel contends that plaintiff

23   only pursued even that inmate appeal through the first level of review, at which plaintiff was

24   granted relief on July 8, 2011, months after he filed his original complaint in this civil action

25   asserting this claim.  (Id.)  Plaintiff argues in opposition that he received all of the relief he

26   requested at the first level of review, and therefore was not required to pursue that inmate appeal

27   any further.  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 17-18.)

28        Based on the undisputed evidence before the court on summary judgment, plaintiff

1  submitted Inmate Appeal Log No. SAC-P-11-00454, which arguably concerned these allegations

2  against defendant Crawford.  (Defs." Mot. for Summ. J., Jibson Decl. Ex. D.)  On July 8, 2011,

3  prison officials at the first level of review "granted" that inmate appeal.  (Id., Ex. D.)  Plaintiff did

4  not pursue the appeal further.  (Id., Jibson Decl.)

5  As discussed above, the Ninth Circuit has held that a prisoner "may initiate litigation in

6  federal court only after the administrative process ends and leaves his grievances unredressed."

7  Vaden, 449 F.3d at 1051.  See also McKinney, 311 F.3d at 1200.  In this case, on July 8, 2011,

8  prison officials at the first level of review granted Inmate Appeal Log No. SAC-P-11-00454.

9  However, plaintiff dated and filed his original complaint in this civil action asserting this claim on

10  April 25, 2011, more than three months prior to prison officials taking action on his inmate

11  appeal.  (Defs." Mot. for Summ. J., Jibson Decl. Ex. D.)  Although prison officials ultimately

12  granted plaintiff's appeal, plaintiff's subsequent exhaustion cannot excuse his earlier failure to

13  exhaust his administrative remedies prior to filing suit.

14  Accordingly, defendants" motion for summary judgment based on plaintiff's failure to

15  exhaust his administrative remedies prior to filing suit with respect to his Claim 7 should be

16  granted.

17  **Claim 8**

18  The court finds that defendants have carried their burden of demonstrating that plaintiff

19  failed to exhaust his retaliation claim in connection with defendant Hernandez allegedly pouring

20  all the food on plaintiff's tray on the floor and refusing to get him anything more for dinner.

21  Defense counsel argues that plaintiff never submitted any inmate appeal on this issue.  (Defs."

22  Mem. of P. & A. at 20.)  In opposition to the pending motion, plaintiff argues he did submit an

23  inmate appeal on this claim, but prison officials cancelled it and later stole his appeal materials

24  from his cell while he was at a different prison undergoing a mental health evaluation.  (Pl."s

25  Opp"n to Defs." Mot. for Summ. J. at 19-20.)  Plaintiff also argues that he sent a CDCR 22 Form

26  to defendant Hernandez in connection with this incident, but that Hernandez ignored it.  (Id., Ex.

27  J.)  Plaintiff thus appears to argue that the court should excuse him from the exhaustion

28  requirement in connection with this claim.

19

1    Construing the evidence on summary judgment in the light most favorable to him,

2   plaintiff has not created genuine dispute as to a material fact with regard to the issue of

3   administrative exhaustion of this claim.  Specifically, plaintiff has not submitted to the court any

4   evidence in support of exhaustion, such as a copy of the inmate appeal he contends he submitted

5   or a copy prison officials" cancellation decision.  Even assuming, as plaintiff contends, that prison

6   officials confiscated his inmate appeals materials, plaintiff has not indicated whom he submitted

7   this inmate appeal to, when he submitted it, what details the inmate appeal contained, or any of

8   the other circumstances surrounding his alleged submission of an inmate appeal with respect to

9   this incident.  Nor has plaintiff explained the circumstances surrounding prison officials"

10   cancellation of his inmate appeal, such as why he believes their cancellation decision was

11   improper.  Plaintiff has also failed to explain why he did not appeal from prison officials"

12   cancellation of his inmate appeal.  Plaintiff"s conclusory contentions and arguments are

13   insufficient to meet his burden of producing evidence showing that his administrative remedies

14   were rendered effectively unavailable to him by the actions of prison officials.

15    Although plaintiff has submitted a copy of the CDCR 22 Form to the court on summary

16   judgment that he sent to defendant Hernandez, that CDCR 22 Form does not reference the inmate

17   appeal plaintiff contends he submitted or prison officials" cancellation decision.  To be sure, on

18   the CDCR 22 Form submitted to the court plaintiff complains about defendant Hernandez pouring

19   all the food on plaintiff"s tray onto the floor, but the submission of a CDCR 22 Form alone does

20   serve to exhaust a prisoner"s administrative remedies.  See Woodford, 548 U.S. at 90-91 ("Proper

21   exhaustion demands compliance with an agency"s deadlines and other critical procedural rules.");

22   Cal. Code Regs. tit. 15 § 3086(i) ("An inmate or parolee"s documented use of a Request for

23   Interview, Item or Service form does not constitute exhaustion of administrative remedies as

24   defined in subsection 3084.1(b)"); see also Hash v. Lee, No. C 08-3729 MMC (PR), 2014 WL

25   2986486 at *4 (N.D. Cal. July 2, 2014) (submission of Form 22 does not satisfy the exhaustion

26   requirement).

27    Accordingly, defendants" motion for summary judgment based on plaintiff"s failure to

28   exhaust his administrative remedies prior to filing suit with respect to his Claim 8 should be

1  granted.

2  **Claim 9**

3  The court finds that defendants have carried their burden of demonstrating that plaintiff

4  failed to exhaust his retaliation claim in connection with his allegation that defendant Brown

5  degraded and humiliated him by the manner in which he strip searched plaintiff.  Defense counsel

6  argues that plaintiff never submitted any inmate appeal on this issue.  (Defs." Mem. of P. & A. at

7  14.)  In opposition to the pending motion, plaintiff argues that he did submit an inmate appeal

8  regarding this claim, but that prison officials cancelled it and later stole his inmate appeal

9  materials from his cell while he was at a different prison undergoing a mental health evaluation.

10  (Pl."s Opp'n to Defs." Mot. for Summ. J. at 19-20 & Ex. K.)  In this regard, plaintiff appears to

11  argue that the court should excuse him from the exhaustion requirement under the circumstances

12  presented here.

13  Construing the evidence in the light most favorable to him, plaintiff has not created

14  genuine dispute as to a material fact with respect to his exhaustion of administrative remedies on

15  this claim.  Specifically, although plaintiff contends that prison officials stole his inmate appeal

16  materials, he has submitted to the court a hand-written "duplicate" of his inmate appeal dated

17  May 14, 2011, that he supposedly submitted to prison officials.  Once more, there is no indication

18  on the duplicate appeal offered in opposition to defendants" summary judgment motion that

19  plaintiff actually submitted this inmate appeal for review or that prison officials received it or

20  accepted it.  Plaintiff has also not come forward with any evidence explaining the circumstances

21  surrounding prison officials" cancellation of his inmate appeal, such as why he believes their

22  cancellation decision was improper or unauthorized.  Nor has plaintiff come forward with

23  evidence explaining why he did not appeal the cancellation of the inmate appeal in question.  In

24  this regard, again, plaintiff"s conclusory contentions and arguments are insufficient to meet his

25  burden of production showing that administrative remedies were rendered effectively unavailable

26  to him through the actions of prison officials.

27  Accordingly, defendants" motion for summary judgment based on plaintiff"s failure to

28  exhaust his administrative remedies prior to filing suit with respect to his Claim 9 should be

1    granted.

2        **Claim 10**

3        The court finds that defendants have carried their burden of demonstrating that plaintiff

4    failed to exhaust his retaliation claim involving his allegations that defendants stole and destroyed

5    his property while he was at a different prison undergoing a mental health evaluation.  Defense

6    counsel argues that plaintiff submitted Inmate Appeal Log No. SAC-A-11-00889, which

7    concerned these allegations, but that prison officials at the first level of review accepted the

8    inmate appeal on October 3, 2011, after plaintiff had already filed his amended complaint in this

9    civil action in which he asserted this claim.  (Defs." Mem. of P. & A. at 14.)  According to

10   defense counsel, plaintiff also subsequently withdrew this inmate appeal on November 10, 2011.

11   (Id.)  In opposing the pending motion, plaintiff argues that he never withdrew his inmate appeal

12   on this issue and, in fact, filed two inmate appeals on the claim at issue, but prison officials

13   cancelled them.  (Pl."s Opp"n to Defs." Mot. for Summ. J. at 20-21 & Ex. L.)

14       Based on the undisputed evidence submitted on summary judgment in this case, on July

15   17, 2011, plaintiff submitted Inmate Appeal Log No. SAC-A-11-00889 concerning the relevant

16   allegations against defendants, but prison officials twice rejected it:  on July 21, 2011, and

17   September 20, 2011.  (Defs." Mot. for Summ. J., Jibson Decl. Ex. F.)  Prison officials at the first

18   level of review accepted the inmate appeal on October 3, 2011.  (Id.)

19       As noted above, the Ninth Circuit has held that a prisoner "may initiate litigation in

20   federal court only after the administrative process ends and leaves his grievances unredressed."

21   Vaden, 449 F.3d at 1051.  See also McKinney, 311 F.3d at 1200.  In this case, prison officials at

22   the first level of review twice screened out plaintiff"s inmate appeal before they accepted it on

23   October 3, 2011.  Plaintiff dated and filed his amended complaint in this civil action asserting the

24   claim at issue on July 31, 2011, before prison officials at the first level of review accepted his

25   inmate appeal.  Even assuming, as plaintiff contends, that he never subsequently withdrew this

26   inmate appeal, it would be of no consequence because it is undisputed that plaintiff had not even

27   completed the first level of review of the inmate appeals process before he filed his amended

28   complaint in this civil action.

1   Plaintiff argues in his opposition that he submitted two inmate appeals that prison officials

2   cancelled.  Even construing the evidence in the light most favorable to plaintiff, however, he has

3   not created genuine dispute as to any fact material to the determination of whether he exhausted

4   his administrative remedies prior to filing suit as required.  Specifically, plaintiff has not

5   submitted to the court a copy of either inmate appeal he contends he submitted or a copy of prison

6   officials'' cancellation decisions.  Plaintiff also has not explained to whom he submitted his

7   inmate appeals, when he submitted them, what details of his complaint those inmate appeals

8   contained, or any of the other circumstances surrounding his alleged submission of these inmate

9   appeals.  Nor has plaintiff explained the circumstances surrounding prison officials'' cancellation

10  of the inmate appeals raising this issue, such as why he believes their cancellation decisions were

11  improper or unauthorized.  Plaintiff also has not explained why he did not appeal prison officials''

12  cancellation of his inmate appeals.  Once more, plaintiff''s conclusory contentions and arguments

13  are insufficient to meet his burden of production in showing that administrative remedies were

14  effectively rendered unavailable to him through the actions of prison officials.

15  Accordingly, defendants'' motion for summary judgment based on plaintiff''s failure to

16  exhaust his administrative remedies prior to filing suit with respect to his Claim 10 should be

17  granted.

18  **CONCLUSION**

19  In accordance with the above, IT IS HEREBY RECOMMENDED that:

20  1.  Defendants'' motion for summary judgment based on plaintiff''s failure to exhaust

21  administrative remedies (Doc. No. 43) be granted in part and denied in part as follows:

22  a. Defendants'' motion for summary judgment with respect to plaintiff''s Claims 2

23  and 4-10 be granted;

24  b.  Defendants'' motion for summary judgment with respect to plaintiff''s Claims 1

25  and 3 be denied; and

26  2.  Within thirty days of any order adopting these findings and recommendations,

27  defendants be directed to file an answer to plaintiff''s remaining claims this action.

28  These findings and recommendations are submitted to the United States District Judge

23

1    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

2    after being served with these findings and recommendations, any party may file written

3    objections with the court and serve a copy on all parties.  Such a document should be captioned

4    "Objections to Magistrate Judge"s Findings and Recommendations."  Any response to the

5    objections shall be filed and served within seven days after service of the objections.  The parties

6    are advised that failure to file objections within the specified time may waive the right to appeal

7    the District Court"s order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8    Dated:  January 8, 2015

9

10    DALE A. DROZD
         UNITED STATES MAGISTRATE JUDGE

11    DAD:9
      morr1171.57fte