UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:11-cv-1171 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| A.J. R. BRADFORD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. In a status report filed February 5, 2018, plaintiff informed the court that he had been transferred to California State Prison-Los Angeles ("CSP-LAC") but did not have his legal property. (ECF No. 90.) Plaintiff stated that he had been told by prison officials that his legal property was lost. Plaintiff asked the court to provide him copies of every document filed in this action.

In an order filed February 22, 2018, the court ordered counsel for defendants to contact the litigation coordinators at CSP-LAC, and if necessary, California State Prison-Sacramento ("CSP-Sac") to attempt to determine the whereabouts of plaintiff's legal materials. (ECF No. 91.) The court also ordered defendants' counsel to file a response detailing their findings.

On March 16, 2018, defendants' counsel filed that response. (ECF No. 92.) Counsel informs the court that plaintiff had six boxes of legal materials on April 25, 2017 when he was

1

incarcerated at CSP-Sac. (Id. at 4.) However, when plaintiff's legal materials were located on February 22, 2018, only five boxes were recovered. (Id.) Those boxes were shipped to CSP-LAC and plaintiff was given possession of them on March 8, 2018. (Id.)

Defendants' counsel attaches to his declaration two Informational Chronos signed by Correctional Officer S. Lee of CSP-LAC. (See ECF No. 92-1 at 8, 10.) Those chronos state that on March 8, plaintiff was given five boxes of "miscellaneous paper, Manila envelopes, and legal documents" which CSP-LAC had received from CSP-Sac. "During the issuance of the property, [plaintiff] made a statement to staff that this was not all the documents he was missing." (Id.)

The second chrono reflects the addition of a second notation, dated March 13, 2018. (ECF No. 92-1 at 10.) That notation states that plaintiff's property was inventoried on that date and he turned in only "1 and ½ boxes of legal work." When plaintiff was asked what happened to the legal property that was issued to him on March 8, plaintiff "stated that he had told staff that those were not the documents he was looking for and threw them away."

Defendants' counsel's response makes clear that plaintiff has not been provided all his legal property. One box remains missing.[1] It is not entirely clear, however, whether plaintiff recovered any documents for this case in the boxes he was given on March 8.

The court has reviewed the docket and finds the following documents may be important to permit plaintiff to proceed with this case:

(1) a copy of the docket for this case;

(2) the First Amended Complaint filed September 15, 2011 (ECF No. 12);

(3) the court's July 26, 2012 Order finding the First Amended Complaint states cognizable claims for relief (ECF No. 13);

(4) the court's December 20, 2012 Order directing the U.S. Marshal to serve the First Amended Complaint on defendants (ECF No. 21);

////

---

[1] Defendants' counsel's statement that plaintiff "does have access to his legal papers despite his claims to the contrary" is not well taken. (ECF No. 92 at 4.) That statement ignores the fact plaintiff was not provided all of his legal property and specifically told prison staff that the property he was provided did not include property, possibly for this case, that plaintiff needed.

2

(5) the court's January 9, 2015 Findings and Recommendations regarding defendants' Motion for Summary Judgment on the issue of exhaustion (ECF No. 46);

(6) plaintiff's Objections, filed January 26, 2015, to the Findings and Recommendations (ECF No. 47);

(7) the court's March 4, 2015 Order adopting the January 9, 2015 Findings and Recommendations (ECF No. 54);

(8) defendants' Answer filed April 1, 2015 (ECF No. 58);

(9) the court's April 6, 2015 Discovery and Scheduling Order (ECF No. 59);

(10) the court's October 21, 2015 Order modifying the Discovery and Scheduling Order (ECF No. 65);

(11) the court's December 3, 2015 Order modifying the Discovery and Scheduling Order (ECF No. 68);

(12) defendants' January 14, 2016 Motion for Summary Judgment and supporting documents (ECF No. 70);

(13) the court's December 23, 2016 Findings and Recommendations regarding plaintiff's motion for a stay of these proceedings (ECF No. 86);

(14) the court's February 14, 2017 Order adopting the December 23, 2016 Findings and Recommendations, staying this case, and denying the motion for summary judgment without prejudice (ECF No. 87).

It appears that plaintiff lacks access to some of his legal property through no fault of his own. From the information before this court, to the extent someone is at fault, that someone is the prison system. The court will order plaintiff to file a statement regarding which, if any, of the documents listed above he has in his possession. Within ten days after plaintiff files that statement, defendants shall provide plaintiff with copies of any documents from the list above that he does not have in his possession.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED:

1. Within twenty days of the date of this order, plaintiff shall file a statement with the following information:

    a. From the list of fourteen documents above, plaintiff must identify which documents he was provided in the boxes of legal materials given to him on March 8, 2018; and

    b. Whether plaintiff feels that he requires any documents not listed above in order to proceed with this case. If plaintiff feels additional documents are necessary, he must identify those additional documents and explain why he requires those additional documents.

2. Within ten days of the date plaintiff's statement is filed, defendants shall place in the mail to plaintiff copies of all documents from the list above that plaintiff identifies as not having been provided to him on March 8, 2018. With respect to any additional documents identified by plaintiff, defendants need not provide copies at that time. Instead, the court will consider plaintiff's request for copies of those additional documents and, if the court finds they may be important, order defendants to provide copies of those additional documents at a later date.

Dated: March 20, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/morr1171.lost docs